**Cole v. Miller**

*Mary K. Pruss,* for plaintiff.
*Deborah E. Gilbert,* for defendant.

GRIMES, *P.J.,* April 11, 1986—Sherry Cole, a minor child, became pregnant allegedly as a result of her relationship with Brian A. Miller. The child was born at the Greene County Memorial Hospital in June of 1985 and died approximately one hour after birth. There remain outstanding hospital and physician fees for the incident of child birth in the amount of $2,254.24. Plaintiff Sherry Cole brought this action under Chapter 67 — Support Proceedings, better known as the "Support Law," found at 42 Pa.C.S. §6701 et seq., and Rule 1910.1 of the Pennsylvania Rules of Civil Procedure.

Upon the filing of the complaint, defendant filed preliminary objections in the form of a demurrer and the matter is presently before the court for consideration upon legal brief submitted by counsel.

## DISCUSSION

The issue in this case is whether an action for support against the father of a child is valid when the child is deceased. This is a rather novel issue and there is a scarcity of case law to assist the court in ruling upon the preliminary objections.

The "duty of support" as set forth in §6702 states in part ". . . prosecution for failure to support a child born out of wedlock . . . ." There is no argument that, if the child had survived, the present action

would have been proper under support law. Further, it has long been accepted in Pennsylvania that medical indebtedness which occurs as the result of the dependent child is a proper matter of support to be heard under the support law.

For the sake of argument, suppose the child were five years of age and had to go to the hospital for treatment as the result of a broken leg. Suppose further that the parents were separated and the mother was the custodial guardian of the child and was, therefore, obligated to admit the child to the hospital. In such a situation two things are very clear. First, the hospital would look to the mother as the responsible person for the indebtedness as a result of the treatment. Secondly, the mother would be in good standing to bring an action against the father under the support law for contribution for the indebtedness incurred.

The present situation is analogous to the above-mentioned situation with the exception that the child survived for only one hour, more or less, and was not living at the time the action was filed. The fact remains that the mother is obligated to the hospital and physicians for their attendance during the birth and care provided for the child.

The support law does not place limitations upon these responsibilities, be it one second, one hour, or 10 years. The fact remains that the indebtedness occurred as a result of a minor child born to the parties in the above-captioned matter and those parties are legally responsible under Pennsylvania law to accept responsibility thereof.

## ORDER

And now, this April 11, 1986, the preliminary objections of defendant are hereby dismissed and defendant shall file his answer within 20 days hereof.